UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.  3:19-cr-263 (KAD) |
| Plaintiff, | : | |
| v. | : | PROTECTIVE ORDER |
| Kevin Iman McCormick, | : | |
| Defendant. | : | |

WHEREAS, the government will provide information and material to the defendant in the course of this case ("Discovery Information"), which may include interviews, reports, audio recordings, video recordings, photographs, writings, or other discovery materials relating to the case;

AND WHEREAS, the parties agree that the government has a compelling interest in preventing the Discovery Information from being disclosed to anyone not a party to these judicial proceedings, subject to the exceptions detailed herein, because such material may include information relevant to ongoing investigations and prosecutions, and such material may implicate the privacy interests of the defendant and third parties;

AND WHEREAS, the parties further agree that the Court has the authority under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

IT IS HEREBY STIPULATED that:

1. Discovery Information shall not be disseminated by the defendant, or his counsel of record, to any individuals, organizations, or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation-support personnel, the

defendant (subject to paragraph 4, below), appellate and post-conviction counsel, and other defense staff); (ii) experts retained to assist in the preparation of the defense; and (iii) with respect to any individuals, organizations, or other entities not covered in subsections (i) and (ii) of this paragraph, with the express concurrence of the government.[1]

2. No Discovery Information shall be disseminated to any member of the defense team or appellate or post-conviction counsel (including defense-retained expert witnesses), unless that person first signs the attached Acknowledgment. *See* Attachment A (an agreement to comply with the terms of this Protective Order). The signed Acknowledgment shall be retained by the counsel of record and shall be made available to the Court upon request, and to the government upon reasonable request. The substitution, departure, or removal of counsel for the defendant, or anyone associated with the defense team, for any reason, shall not release that person from the provisions of this Protective Order, or the Acknowledgement executed in connection with this Protective Order.

3. Defense counsel shall advise any person to whom the Discovery Information is disclosed in accordance with this Protective Order that further disclosure, or dissemination, is prohibited without the defense counsel's express consent, and any disclosure, or dissemination, must comply with the terms of this Protective Order. Each of the individuals to whom disclosure is made pursuant to this provision shall be provided a copy of this Protective Order.

---

[1] "Disseminated" means to have provided, showed, or described to another individual any Discovery Information, including parts thereof, quotations, excerpts, and summaries derived therefrom.

4. If the defendant and/or defense counsel wishes to disclose any portion of the discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the discovery material to any individual to whom disclosure is not authorized by this order, defense counsel must make advance notice to the government. If the government disputes the request for disclosure, defense counsel may apply to the Court to make such disclosure. Any such application must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure.

5. Discovery Information shall not be given to the defendant to maintain. The defendant shall be permitted to make notes of the content of the Discovery Information, but he shall not disperse such notes, or the contents thereof, to anyone other than individuals authorized to review Discovery Information in accordance with this Protective Order. The defendant must store any such notes, and any other information derived from the discovery produced in this case, in a secure area of the prison facility outside of his cell. The defendant must review any information arising from the discovery produced in this case in a secure location or with defense counsel.

6. Defense counsel shall use and store all Discovery Information, and any copies thereof, in a secure place at all times, including offices of any member of the defense team, the attorney-client meeting spaces within the jail, and during court proceedings. And the defense counsel must keep a record of any copies and make that record available to the Court on request, or the government on reasonable request.

7. Discovery Information that is the property of the government at the time of dissemination remains the property of the government notwithstanding the dissemination. At the

conclusion of this case, all Discovery Information that is the property of the government shall be returned to the government, or destroyed with the consent of the government. The conclusion of the case shall be when the judgment of conviction (or other case-concluding judgment) becomes final (such finality to be determined in consistent fashion as with respect to 28 U.S.C. § 2255(f)(1)).

8. Nothing in this Protective Order shall preclude the government, or the defendant, from seeking additional protective orders pursuant to Rule 16(d), or other rules or statutes, as to particular items of discovery. This Protective Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**SO STIPULATED**.

JOHN H. DURHAM
United States Attorney

/s/ Douglas P. Morabito

DOUGLAS P. MORABITO (ct20962)
Assistant United States Attorney
Connecticut Financial Center
157 Church Street
25th Floor
New Haven, CT 06510
Office: (203) 821-3700
Fax: (203) 773- 5376
doug.morabito@usdoj.gov

JUSTIN SHER (D.C. 974235)
Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20004
Office: (202) 353-3909
justin.sher@usdoj.gov

THE DEFENDANT,
Kevin McCormick

FEDERAL DEFENDER OFFICE

/s/ Allison M. Near
Allison M. Near
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: ct27241
Email: allison_near@fd.org

**SO ORDERED.**

DATED: 1/13/2020              /s/ Kari A. Dooley
                              HON. KARI A. DOOLEY
                              UNITED STATES DISTRICT JUDGE

# APPENDIX A

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court for the District of Connecticut in the case *United States v. Kevin McCormick*, Criminal No. 3:19cr263 (KAD).  The undersigned individual understands the terms of the Protective Order and agrees to be bound by each of those terms.  Specifically, and without limitation, the undersigned individual agrees not to use, or disclose, any information or material made available to him or her other than in strict compliance with the Protective Order.  The undersigned individual acknowledges that his or her duties under the Protective Order shall survive the termination of this case and the terms permanently remain binding on the individual.  The individual's failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court.

DATED: _____          BY:

                                                                              _____
(type or print name)

SIGNED:

_____