UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : NO. 3:19-CR-263 (KAD) |
| KEVIN MCCORMICK | : June 30, 2023 |

### MOTION TO CONTINUE SENTENCING SCHEDULE

Defendant Kevin McCormick hereby moves to continue the sentencing schedule for 60 additional days. This motion is made to ensure that Mr. McCormick has an opportunity to at least have initial discussions regarding his pending case in state court and to review evidence in that case before he is potentially transferred out of state to serve time in the BOP, and to ensure that his mental health is fully evaluated prior to sentencing. While some progress has been made since the Court last discussed this matter in May with counsel and the probation officer who prepared the first draft of the presentence report, more time appears necessary. The Government has no objection to the requested continuance.

As the Court will recall, on May 8, 2023, Mr. McCormick had been arrested and charged with first-degree assault of a corrections officer in connection with an event at Bridgeport Correctional Center. The state court had scheduled a court date for June 28, 2023, but Mr. McCormick was not produced from his being held in the Department of Corrections. In speaking with his counsel in state court, and based on past experience, where a defendant is held in federal custody but needs to appear in state court yet is not brought that day, a reasonable conclusion is that the State's Attorney's Office did not complete the necessary paperwork with the Superior Court to ensure that Mr. McCormick would be brought to the courthouse that day. Whether intentional or just an oversight, the impact of the failure to bring Mr. McCormick to court and deny him the right

to appear in those proceedings would be compounded by the Court moving forward with sentencing here at the beginning of August.

During the May telephonic status conference, the Court indicated that sentencing here would not wait for a resolution of the pending state case. While waiting to the end of the state case is not necessary, there are reasons consistent with the purposes of sentencing to allow more time so as to ensure that that proceeding and its potential results are considered. Of concern, should the Court sentence Mr. McCormick and he subsequently move into BOP custody, that state matter may remain pending until his release from federal custody and negatively impact his security level.

> Detainers: A PSI's mention of detainers, pending charges or outstanding warrants results in points being assigned based on their respective severity. . . . Detainers also serve as program disqualifiers, such as for Residential Drug Abuse Treatment Program (RDAP) and halfway house.

Todd Bussert, Presentation: The BOP: Bureau of Prisons Issues (2012) (excerpted from DEFENDING A FEDERAL CRIMINAL CASE (2010)), at 19-1040. See also id. at 19-1046. (". . . the BOP shall treat any state matter -- regardless of whether the client is convicted and sentenced, or the charges remain pending -- as producing a detainer even if none is lodged. This impacts a client's security level (at least Low) and pre-release placement (halfway house) eligibility. In jurisdictions requiring that a prisoner must appear in front of the paroling authority before a sentence is terminated, it is likely that the client will serve his entire federal sentence at an FCI (or higher) and then be returned to the state to tend to outstanding matters."); BOP, Program Statement, Security Designation & Custody Classification Manual, No. 5100.07, Security Designation Data, Sept. 3, 1999, Chap. 5, at 5 ("If there is a pending charge, points based on the documented behavior are assigned on the Type of Detainer item (Security Designations Data, Item #6, BP-337)"); id., Section B – Base Scoring, 1. Type of Detainer, Jan. 31, 2002, Chap. 8, at 3. ("Inmates should be informed

that it is vitally important that all pending charges and detainers be resolved as quickly as possible so that institution programming and release planning can occur.").

Here, Mr. McCormick should receive the opportunity to complete his sentence at a halfway house. Indeed, that opportunity is critical to his transition to the community, rather than him just being released directly from a corrections institution into a situation where he has to support himself while presumably needing to continue mental health treatment.  By having the opportunity to complete his sentence at halfway house, that increases his opportunity to obtain employment and housing while supported by re-entry services at the halfway house. He also will be able to establish connections to treatment providers for mental health treatment before he is on supervised release. He chances of success will be greater than if he is released directly from a prison to the community.

The requested may not produce a resolution of the state case, but it should give the State and Mr. McCormick an opportunity to review matters.  Currently, his next court appearance is scheduled for August 14, 2023.  The requested continuance should enable the case to be called at least twice before sentencing, hopefully with the State having taken the necessary steps to ensure that Mr. McCormick is in the building.  Counsel conferred with the state public defender, and he indicated that he will try to convince the State and the Court to have Mr. McCormick brought to the courthouse sooner and for the State to review the video of the alleged assault so that a resolution can at least be considered.

The requested continuance also should enable Mr. McCormick an opportunity to review the video, which has yet to be provided to counsel to date.  The Government also reports not having received a copy.  There have been a few police reports and alleged statements provided, but given the allegations, the video should provide important information, including whether Mr. McCormick was struck while in custody.  Mr. McCormick understandably wants the opportunity to review that video with counsel before the sentencing proceeds here and the Government is expected to discuss the allegations.

Video review will require an in-person visit at Garner CI, to which Mr. McCormick has been moved about two weeks ago, a move that raises further concerns regarding his mental health.

As the Court may recall, not long after the alleged assault at Bridgeport Correctional Center, Mr. McCormick was moved from BCC to Walker CI.  The move to Garner CI is unexpected.  In counsel's experience, relocation to Garner within the DOC is caused by a detainee having a higher mental health score, indicating that the detainee has greater mental health concerns than can be addressed in other facilities and needs greater services.  The Federal Defender's Office will be obtaining recent records from the DOC to understand Mr. McCormick's status.

Meanwhile, the Federal Defender's Office is working with mental health professionals to assess Mr. McCormick's mental health, both as to the events in 2019 and looking forward to his eventual release, but also because of the concerns regarding his current condition.  Counsel expects further information regarding Mr. McCormick's current condition by mid-July, but a fulsome assessment likely will not be available until early September.  Given Mr. McCormick's history, at a minimum, ensuring his competence to assist with sentencing is critical.  Beyond that, however, making certain that the sentence imposed is fully informed by this issue is critical to producing a sentence that is fair and just.

In light of the foregoing, below are proposed adjustments in the schedule to facilitate this review.

> **CURRENT REMAINING SCHEDULE:** Objections Due 7/6/2023; 2nd-Disclosure PSI due 7/17/2023; Sentencing Memorandum due 7/19/2023; Response due 7/26/2023; Optional reply due 7/31/2023. Sentencing set for 8/3/2023
>
> **PROPOSED REMAINING SCHEDULE:** Objections Due 9/6/2023; 2nd-Disclosure PSI due 9/15/2023; Sentencing Memorandum due 9/19/2023; Response due 9/26/2023; Optional reply due 10/2/2023. Sentencing set for 10/6/2023

WHEREFORE, Defendant Kevin McCormick respectfully requests that the Court grant this motion and continue the remaining schedule for 60 days.

        Respectfully submitted,
        KEVIN McCORMICK

        /s/Charles F. Willson/s/_____
        By Charles F. Willson (# ct24129)
        FEDERAL PUBLIC DEFENDER'S OFFICE
        10 Columbus Boulevard, 6th Floor
        Hartford, CT 06106
        Tel:   (860) 493-6260
        Fax:   (860) 493-6269
        email: Charles_Willson@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 30, 2023, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/Charles F. Willson/s/_____
        By Charles F. Willson